UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**CLIFFORD HOWARD,**

          Petitioner,

          v.                                                          Civil No. 9:99-CV-096
                                                                                (GLS/VEB)

**ROBERT ERCOLE,**

          Respondent.
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**FOR THE PETITIONER:**

CLIFFORD HOWARD
Petitioner, *Pro Se*
84-A-4818
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582-0010

**FOR THE RESPONDENT:**

HON. ANDREW CUOMO                    ALYSON J. GILL
Office of the Attorney General              Assistant Attorney General
State of New York
120 Broadway
New York, New York 10271

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Clifford Howard filed a *habeas corpus* petition challenging his New

York State conviction and sentence for murder in the second degree. *See Dkt. No. 1*; *see also* 28 U.S.C. § 2254. After Howard filed a second amended petition, *see Dkt. No. 98*, it was referred to Magistrate Judge Victor E. Bianchini for report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A) & (B); Rules 8 & 10 of the Rules Governing § 2254 Petitions in the United States District Courts, *foll.* 28 U.S.C. § 2254; N.D.N.Y. R. 72.3(c). Subsequently, Judge Bianchini issued a report recommending that the petition be denied. *See Report-Recommendation ("R&R")*, *Dkt. No. 117*.[1]

Broadly construing Howard's second amended petition, *see Dkt. No. 98*, Judge Bianchini concluded that it raised a single issue, namely, the ineffectiveness of Howard's trial counsel. Judge Bianchini gave thorough consideration to Howard's arguments.

Based on the record, Judge Bianchini found that Howard's generalized ineffective assistance of counsel claim was unsupported by the record, and regardless, he failed to substantiate his claim with any factual basis. Ultimately, Judge Bianchini concluded that Howard's claim lacked

---

[1] The Clerk is directed to append the Report-Recommendation to this decision, and familiarity is presumed. *See Dkt. No. 117*.

merit and recommended that his petition be denied.  *See Dkt. No. 117.*

Howard has now filed timely objections to Judge Bianchini's report. *See Dkt. Nos. 120*.  Howard's sole specific objection will be reviewed under a *de novo* standard, while the remainder of his objections are unspecific and will be reviewed under a clearly erroneous standard*. See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049 (N.D.N.Y. Jan. 18, 2006).  Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.

Howard's sole specific objection attacks the calculation of time employed by Magistrate Judge Bianchini in considering the timeliness of Howard's amended petition.  Specifically, Howard argues that Judge BIanchini erred when he concluded that the principle of equitable tolling did not apply to Howard's late filings.  Having reviewed Judge Bianchini's recommendation and findings *de novo*, the court concludes that Judge Bianchini used the appropriate calculation of time in concluding that Howard's petition was untimely and, regardless, he considered the full merit of Howard's petition.

The remainder of Howard's objections do not specifically address

3

Judge Bianchini's factual and legal conclusions. Instead, Howard has simply repeated the facts and arguments contained in his original petition. His objections contain no new analysis or arguments, nor do they cite authority in support of what are otherwise mere conclusory claims. Given the inadequacy of these objections, he has procedurally defaulted, and the court has reviewed the report and recommendation for clear error. *See Almonte*, 2006 WL 149049, at *6. Having discerned none, the court adopts the report and recommendation in its entirety.

**WHEREFORE**, and for the reasons stated, it is hereby

**ORDERED** that Howard's application for *habeas corpus* relief is **DENIED** and his petition is **DISMISSED**; and it is further

**ORDERED** that Magistrate Judge Bianchini's June 11, 2007 Report-Recommendation is **ADOPTED IN ITS ENTIRETY**; and it is further

**ORDERED** that the clerk serve a copy of this Decision and Order upon the parties.

**IT IS SO ORDERED.**

August 21, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge